# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 50033 | **DATE** | 9/24/2010 |
| **CASE TITLE** | Wolff et al. v. Rock et al. | | |

**DOCKET ENTRY TEXT:**

Appellants' motion for leave to appeal is denied as moot. Appellees' motion to dismiss [5] is denied. Appellants' motion for leave to file a designation of record [13] is granted. In accord with Federal Rule of Bankruptcy Procedure 8006, appellants shall file their designation of record with the clerk and serve it on the appellees. Appellees shall file and serve on the appellants a designation of any additional items within 14 days after service of appellants' statement. In accord with Federal Rule of Bankruptcy Procedure 8009, appellants shall file a brief in support of their appeal by October 8, 2010. Response is due October 22, 2010, and reply is due November 5, 2010. If a party is not going to file a brief in response or reply, it is the obligation of that party, within the time frame established by this order, to so notify the court in writing. If appellants fail to meet any future deadlines in this case or fail to appear for a scheduled date without previous permission of the court, this appeal will be dismissed.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

### I. BACKGROUND

On September 14, 2005, Norman and Judith Wolff, appellants, filed a petition for bankruptcy pursuant to Chapter 11 of the Bankruptcy Code. On July 12, 2006, the Bankruptcy Court entered an order converting the case to Chapter 7. Michael Kepler, one of the appellees, was appointed as Chapter 7 Trustee. On August 16, 2007, the case was closed. On September 28, 2007, appellants filed a legal malpractice complaint against appellees Barrick, Switzer, Long, Balsley & Van Evera LLP, attorney James Stevens, and attorney Jason Rock for conduct that allegedly occurred during appellants' bankruptcy proceedings.

On March 26, 2008, appellants filed a motion to reopen their Chapter 7 case in order to litigate their legal malpractice claim. Thereafter, Kepler brought a motion to approve a settlement of the claim for $25,000. Appellants opposed the motion and the Bankruptcy Court held an evidentiary hearing on the matter. On January 4, 2010, the Bankruptcy Court entered an order granting the trustee's motion.

On January 15, 2010, appellants filed a motion for leave to appeal and their notice of appeal challenging the Bankruptcy Court's decision to approve the settlement of their claim. On March 24, 2010, appellees filed a motion to dismiss the appeal arguing that appellants had failed to file a designation of items to be included in the record as required by Federal Rule of Bankruptcy Procedure 8006. Appellants were ordered to respond to the motion by April 21, 2010. Appellants filed a pro se response, but it was stricken because appellants were

represented by counsel at that time. No other timely response was filed. Instead, on May 7, 2010, appellants filed a motion for leave to file a designation of record on appeal pursuant to Rule 8006. Thereafter, appellants' counsel withdrew and appellants failed to appear for an August 18, 2010 status date. The clerk's office has since been directed to add appellants' address to this court's docket.

## II. ANALYSIS

Federal Rule of Bankruptcy Procedure 8006 requires that,

> Within 14 days after filing the notice of appeal as provided by Rule 8001(a), entry of an order granting leave to appeal, or entry of an order disposing of the last timely motion outstanding of a type specified in Rule 8002(b), whichever is later, the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented.

Fed. R. Bankr. P. 8006. Rule 8006 requires that the record on appeal include the notice of appeal, the judgment, order, or decree appealed from, and any opinion, findings of fact, and conclusions of law of the court. Id. Any party filing a designation of items to be included in the record must provide to the clerk a copy of the items designated. Id.

In their motion to dismiss, appellees argue that dismissal is merited because appellants failed to file the designation of record on appeal in accord with Rule 8006. Although appellants did not file a response, their motion for leave to submit a designation of record contains several arguments in opposition to appellees' motion to dismiss. Appellants assert that their failure to comply with Rule 8006 is not the result of bad faith and has not caused appellees prejudice, and they offer to cure the defect now. Moreover, appellants argue that appellees failed to answer or otherwise respond to appellants' motion for leave to appeal, and have violated deadlines themselves.

### A. Rule 8006

Although neither party raises the issue, the court's first inquiry must be whether appellants have violated Rule 8006 in the first place. In this case, appellants filed a motion for leave to appeal and have been awaiting the court's order granting them leave to appeal. Thus, the first issue the court must resolve is whether a pending motion for leave to appeal delays the time in which appellants had to file their Rule 8006 designation.

Rule 8006 provides that the designation of record must be filed within 14 days after filing the notice of appeal or after the entry of an order granting leave to appeal, whichever is later. Fed. R. Bank. P. 8006. Although this court has not found any case in this circuit on point, the few district courts that have considered the issue have found that where leave to appeal is requested, the operative date for the purpose of Rule 8006 designations is delayed until the date of the court's order granting such leave. See Fritzsch v. Abdullah, No. 08-cv-0408 (GLS), 2008 WL 2783421, at *1 (N.D.N.Y. July 16, 2008); Patrick v. Dell Fin. Servs., 366 B.R. 378, 389 (M.D. Pa 2007); Slavinsky v. Educ. Credit Mgmt. Corp., 362 B.R. 677, 678 (D. Md. 2007); In re Horizon Air, Inc., 156 B.R. 369, 373 (N.D.N.Y. 1993); but see In re MacInnis, No. 98 Civ. 2894(SAS),1998 WL 409726, at *3 (S.D.N.Y. July 21, 1998) (rejecting argument that pending motion for leave to appeal extends Rule 8006 time requirements).[1] Thus, pursuant to the language of Rule 8006, if appellants' motion for leave to appeal was properly pending, no designation of the record would yet be required.

That being said, this case presents an added wrinkle because appellants are appealing from a final, not an interlocutory order, and do not need leave to appeal. See 28 U.S.C. § 158(a)(1). In the order appealed, the Bankruptcy Court approved the settlement of a claim between the estate and the defendants in the underlying case. A court order is a final judgment if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Cunningham v. Hamilton County, 527 U.S. 198, 204 (1999) (quotation marks omitted). In bankruptcy cases, authorizations of settlement are final and appealable orders because they

| STATEMENT |
|---|

determine the rights of the parties to the settlement and resolve the claim. In re McCoy, 260 B.R. 863, 867-68 (Bankr. N.D. Ill. 2001); In re Patel, 43 B.R. 500, 503 (N.D. Ill. 1984); see also In re Chicago Cement Co., No. 89 C 5154, 1990 WL 84502, at *1 (N.D. Ill. June 11, 1990).

Because appellants' motion for leave to appeal was unnecessary and must be denied as moot, this court could never enter an order "granting leave to appeal" as contemplated by Rule 8006.[2] As a result, the court is left with the issue of whether, in light of an improperly filed motion for leave to appeal, an appellant is required to file the designation of record within 14 days of filing his notice of appeal.

### B. Prejudice

The court need not resolve this issue, however, because even assuming that in such a case Rule 8006 requires appellants to file their designation of record within 14 days of filing their notice of appeal, the court may allow appellants to file an untimely designation of record and brief in this matter, and will do so here.

Pursuant to Rule 8001, "[a]n appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal." Fed. R. Bankr. P. 800l(a); see In re Thompson, 140 B.R. 979, 982 (N.D. Ill. 1992), aff'd, 4 F.3d 997 (7th Cir. 1993). "Under Rule 8001(a), courts clearly have broad discretion [to dismiss appeals], but where they have discussed specific factors they have included egregiousness, prejudice, or bad faith in their decisions on dismissal." In re Bulic, 997 F.2d 299, 302 (7th Cir. 1993); see also In re Geiger, No. 05-C-0704-S, 2006 WL 4838537, at *3 (W.D. Wis. Jan. 24, 2006); In re CAC Servs., Inc., No. 03 C 3087, 2003 WL 22508175, at *2 (N.D. Ill. Nov. 4, 2003).

As appellees point out, throughout this case, appellants' diligence in following their case has been sporadic at best. Appellants failed to file Rule 8006 designations, have not filed an appellate brief in accordance with Rule 8009, and failed to respond to appellee's motion to dismiss in a timely manner. In addition, appellants failed to appear at their last status hearing before the Magistrate Judge.

That being said, however, it should not go unrecognized that appellants filed their statement of issues with their notice of appeal as required by Rule 8006 and a statement of facts. In addition, there appears to be a disparity between the actions of the appellants in this case, and their attorneys. Thompson, 140 B.R. at 983 (stating that conduct of a party's attorney can be relevant to determining whether to dismiss). Just five days after appellees filed their motion to dismiss, appellants filed a pro se response which was stricken because appellants were represented by counsel. Then, without filing any timely response to appellees' motion to dismiss, appellants' counsel withdrew. The court is not certain that appellants received notice of their missed status date after their attorney withdrew. Moreover, appellees have not indicated any prejudice to them, other than continued delay, that would arise as a result of allowing appellants to file their designations and brief late. Compare In re Brock Equip. Co., No. 01 C 50218, 2002 WL 88919, at *1-2 (N.D. Ill. Jan. 22, 2002) ("[P]laintiffs' tardy designation . . . did not deprive defendants of the opportunity to fully advance their appeal or respond to the cross-appeal."); see also Smoker v. Hill & Assocs., Inc., 204 B.R. 966, 970 (N.D. Ind. 1997) (refusing to dismiss appeal for failure to file Rule 8006 designations where there was no evidence of bad faith).

As a result of these circumstances, the court denies appellees' motion to dismiss and the sanctions requested, and will grant appellants' motion to file the designation of record. At the same time, however, the court recognizes that as a result of appellants' actions, appellees have had to incur the cost of filing unnecessary motions and endure delay and uncertainty regarding the claim at issue. To prevent appellees from suffering further delay, the court advises appellants that a failure to meet any future deadlines or to appear will result in dismissal of this appeal.

1. Prior to 1994, Rule 8006 stated, "Within 10 days after filing the notice of appeal as provided by Rule 8001(a) or entry of an order granting leave to appeal the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." The 1994 amendments to Rule 8006 added the current provision relating to post-judgment motions and the "whichever is later" language.

In coming to the conclusion that a motion for leave to appeal did not extend the time for filing a designation of the record, the MacInnis court relied on the notes accompanying the 1994 amendments to Rule 8006. These notes state, "The purpose of this amendment is to suspend the 10-day period for filing and serving a designation of the record and statement of the issues if a timely post-judgment motion is made and a notice of appeal is suspended under Rule 8002(b)." The MacInnis court reasoned that because this was the purpose of the amendment, the "whichever is later" language only applied to the language "entry of an order disposing of the last timely motion outstanding of a type specified in Rule 8002(b)."

Although the MacInnis court is correct that the "whichever is later" language was added with references to post-judgment motions, the plain language of the current version of Rule 8006 reflects that the phrase "whichever is later" applies to all three options. United States v. Ye, 588 F.3d 411, 414 (7th Cir. 2009) ("'Statutory interpretation begins with the plain language of the statute.'"). It would be odd to skip over the phrase "entry of an order granting leave to appeal" entirely and apply the phrase "whichever is later" only to the other two options. Moreover, even assuming that the phrase "whichever is later" was intended to modify only the language concerning post-judgment motions, the previous version of Rule 8006 did not indicate that the deadline to file designations expired upon the occurrence of the earlier of the two events. The MacInnis court does not discuss the meaning of this prior version of the Rule. As such, in light of several other opinions holding otherwise, this court respectfully disagrees with the holding in MacInnis.


2. For the same reasons, the appellees' decision not to file any response to appellants' motion for leave to appeal is not a failure to pursue the case, as appellants suggest. Accordingly, this fact does not assist appellants' argument in any way and the court need not consider it.