Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 50033 | **DATE** | 12/14/2010 |
| **CASE TITLE** | Wolff et al. v. Rock et al. | | |

**DOCKET ENTRY TEXT:**

Appellees' motion to dismiss [28][30] is granted. This case is closed.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

    On September 14, 2005, Norman and Judith Wolff, appellants, filed a petition for bankruptcy pursuant to Chapter 11 of the Bankruptcy Code. On August 16, 2007, the case was closed. Thereafter, appellants filed a legal malpractice complaint against appellees, Barrick, Switzer, Long, Balsley & Van Evera LLP, attorney James Stevens, and attorney Jason Rock for conduct that allegedly occurred during appellants' bankruptcy proceedings, and moved to reopen their Chapter 7 case in order to litigate that claim. The bankruptcy trustee, appellee Michael Kepler, brought a motion to approve a settlement of the claim for $25,000. Appellants opposed the motion, but on January 4, 2010, the Bankruptcy Court entered an order granting the trustee's motion.

    On January 15, 2010, appellants filed a motion for leave to appeal and their notice of appeal challenging the Bankruptcy Court's decision to approve the settlement of their claim. On March 24, 2010, appellees filed a motion to dismiss the appeal arguing that appellants had failed to file a designation of items to be included in the record as required by Federal Rule of Bankruptcy Procedure 8006. On September 24, 2010, this court denied appellees' motion to dismiss and allowed appellants more time to file their designation of record and a brief in support of their appeal. The court directed appellants that if they failed to meet any future deadlines in this case or failed to appear for a scheduled date without previous permission of the court, this appeal will be dismissed.

    On October 7, 2010, appellants filed a letter with the court stating that they did not intend to file a brief in accordance with Rule 8009 because they do not have the financial means to retain new counsel. It also does not appear that appellants filed their designation of record with the clerk and served it on the appellees in accordance with Rule 8006. Pursuant to Rule 8001, "[a]n appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal." Fed. R. Bankr. P. 800l(a); see In re Thompson, 140 B.R. 979, 982 (N.D. Ill. 1992), aff'd, 4 F.3d 997 (7th Cir. 1993).

    Appellants have failed to pursue their case in several ways. Prior to this court's order of September 24, 2010, appellants failed to file Rule 8006 designations, did not file an appellate brief in accordance with Rule 8009, failed to respond to appellees' motion to dismiss in a timely manner, and failed to appear at their last status hearing before the Magistrate Judge. Given one more chance, appellants failed to file their brief or their

| STATEMENT |
|---|
| designations, and have indicated to the court they do not intend to pursue the appeal.<br><br>      "The failure to file a required pleading or brief in a timely manner may be a ground for dismissal of the appeal under Bankruptcy Rule 8001." In re Scheri, 51 F.3d 71, 73 (7th Cir. 1995). The choice of dismissal is within the district court's sound discretion. Id. In this case, appellants have clearly indicated they have no intention of pursuing their appeal. Prior to their failure to file a brief, the court gave appellants fair warning that this appeal would be dismissed for failure to act in a timely fashion. As such, this appeal is dismissed pursuant to Rule 8001. |